CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 02, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY WAYNE DRAKE, ) | |
|     Petitioner, ) | Civil Action No. 7:22cv00381 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | By: Robert S. Ballou |
| JAIL, ) | United States District Judge |
|     Respondent. ) | |

Timothy Wayne Drake, previously a Virginia inmate, filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction from the Bristol Circuit Court for accommodation distribution of oxycodone. The respondent has filed a motion to dismiss, and the matter is ripe for decision. Because the statute of limitations for filing a habeas petition expired years before the petition was filed, and Drake has failed to prove his entitlement to the "actual innocence" gateway exception to the statute of limitations, I will grant the respondent's motion to dismiss.

## I. Background

A grand jury in Bristol, Virginia, indicted Drake on May 26, 2015, for distribution of oxycodone on October 28, 2014. The charges arose from a traffic stop on October 18, 2014, when Drake was a passenger in the car of Susan Sumner, the mother of Drake's three oldest children. Drake had that day picked up his chronic pain medication from the pharmacy and had the pill bottles in his pocket. When the officer asked what was in his pocket, he produced the pill bottles. The officer noted that the oxycodone bottle, labelled that same date, said 60 pills, but only 34 pills were in the bottle. When asked about the discrepancy, Drake responded that he had placed some of the pills in his two-week medication dose planner at home.

Sumner consented to a search of her car, and the officer found five oxycodone pills in a plastic pouch that contained Sumner's automobile registration. Sumner initially denied any knowledge of the pills, but eventually admitted that Drake had given her one and she took the remaining pills when he was not looking. Drake denied, admitted, then denied again that he had given Sumner the oxycodone. Before releasing the two, the officer seized the five pills from Sumner and the bottle of pills from Drake and placed those into evidence. He also called the prescribing physician and reported the incident to her.

Drake was arrested on June 10, 2015, and posted bond the same day. On November 13, 2015, Drake appeared in Bristol Circuit Court with his attorney and entered a guilty plea to the reduced charge of accommodation distribution. Prior to entry of the plea, he completed a written guilty plea questionnaire (Gov. Ex. 3, ECF No. 15-3) and answered the court's colloquy questions. Hr'g Tr. at 5–8, ECF No. 15-2. Defense counsel stipulated that the Commonwealth could introduce sufficient evidence at trial to support the reduced charge, and the Commonwealth Attorney introduced, without objection, the Certificate of Analysis certifying that the tablets taken from Sumner's car were oxycodone. Finding the plea to be freely, intelligently, and voluntarily made, the court accepted his guilty plea and convicted him of accommodation distribution. In accord with the parties' plea agreement, the court sentenced Drake to five years in the penitentiary plus a $500 fine, suspending all but 30 days of the incarceration. The court denied defense motions to allow him to serve the 30 days on home confinement or to serve the time on weekends. The court entered the final judgment order on November 24, 2015. Sent. Order, Gov. Ex. 1, ECF No. 15-1.

Drake did not appeal his conviction or sentence. Further, he did not file a state petition for habeas corpus. He placed the current § 2254 petition in the prison mail on July 6, 2022, where he was apparently serving time on other matters. His petition raises the following issues:

1. Actual innocence;
2. Fraud on the court;
3. Ineffective assistance of counsel by fraud on the court; and
4. Prosecutorial misconduct, involuntary guilty plea, illegal search and seizure, insufficient evidence.

## II. DISCUSSION

Under 28 U.S.C. § 2244(d)(1), a petitioner has one year in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsection (A) is the only one applicable to Drake's case, as he has not alleged any unconstitutional state-created impediment to filing, newly recognized constitutional rights, nor

has he identified any facts that recently discovered that could not have been discovered earlier with due diligence. Turning to subsection (A), I must determine when Drake's state court judgment became final. The trial court entered its judgment on November 24, 2015, and Drake had 30 days in which to appeal to the Court of Appeals of Virginia. Va. S. Ct. R. 5A:6. Thirty days expired on December 24, 2015 (Monday, December 28, 2015, if December 24 was a state holiday). Drake did not appeal, and once the time expired, his judgment became final. The one-year federal habeas statute of limitations began to run, at the latest, on December 28, 2015. This means that his federal petition should have been filed on or before December 28, 2016, to be timely.

Three possible ways exist for a petitioner to avoid the harsh effect of the statute of limitations: Statutory tolling, equitable tolling, or the actual innocence gateway. None of these apply in the current case.

Section 2244(d)(2) tolls the statute of limitations during the time in which a "properly filed application for State post-conviction or other collateral review . . . is pending." Drake never filed a state habeas petition, so a state application, properly filed or otherwise, was never pending, and statutory tolling therefore does not apply.

The United States has recognized a narrow exception for equitable tolling if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 636, 649 (2010). In his petition, Drake offers the following explanation for his untimely filing: "Every attorney involved with the present and subsequent convictions advised me there was no remedy to a conviction after someone pleads guilty, innocent or not." Pet. at ¶ 18, ECF No. 1, p. 13. An unrepresented prisoner's lack of knowledge about the law is not an exigent circumstance that warrants equitable tolling of the

4

statute of limitations. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Attorney mistake[1] in advising a client is also not sufficient, especially in the context of postconviction litigation, where there is no constitutional right to counsel. *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007). Drake has not presented exigent circumstances that warrant equitable tolling.

In balancing the "societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," the Supreme Court has recognized a "miscarriage of justice exception" to the statute of limitations when a litigant presents new evidence of actual innocence, showing that, absent constitutional error, "no reasonable juror would have convicted" the defendant. *McQuiggin v. Perkins*, 569 U.S. 383, 393–95 (2013). While new evidence of actual innocence is critical to this exception, as will be discussed momentarily, it is not sufficient, by itself, to overcome the statute of limitations. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). For this reason, Drake's first habeas claim, actual innocence, would fail on the merits, because that is not valid grounds for habeas relief.

The question becomes whether Drake's alleged actual innocence is sufficient, if combined with proof of a constitutional violation in the proceedings resulting in his conviction, to overcome the statute of limitations bar. The evidence required must be new reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

---

[1] This is not intended to suggest that Drake's counsel made any mistake in advising him. Indeed, the options for post-conviction relief following a guilty plea are greatly limited. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Constitutional claims arising before entry of the guilty plea, such as prosecutorial misconduct, sufficiency of the evidence, or search and seizure claims under the Fourth Amendment, are waived by a guilty plea, and cannot be considered by a habeas court. *Id.*

5

evidence." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Further, the new evidence must be sufficient for the habeas court to decide, when considering all the trial evidence and the new evidence, that petitioner likely would not have been convicted if the new evidence had been available at the time of trial. *Id.* at 324.

Drake has not offered any new evidence of innocence that was not available at the time of trial. He has offered, in attachment 2 to his petition, a handwritten explanation of his version of events on the day of the traffic stop. Had he chosen to go to trial, he could have testified to those events. He was familiar with the events right after they happened, even more so than he could be six years after the habeas statute of limitations has run. Even if it were "new" in some way, that evidence, combined with the officer's version of events, the location of the pills, Ms. Sumner's statements against interest, and the certificate of analysis, creates a garden-variety jury issue: Would the factfinder believe the defendant or the police officer? Drake's version of the events does not rise to a level where I can say he "likely would not have been convicted" if he had given this testimony in a trial.

More significantly, because Drake was convicted upon his plea of guilty and not based upon a trial, the evidence the court must consider includes Drake's statements during the plea hearing. On the Guilty Plea Questionnaire, question 13 asks, "Are you entering the plea(s) of guilty because you are in fact guilty of the crime(s) charged: yes ." Gov. Ex. 1. Item 34 asks "Have you answered all questions truthfully," and again, the answer is yes. *Id.* During the plea hearing, Drake acknowledges to the court that his signature is on the questionnaire, that the answers on the questionnaire were his answers, and that they were truthful. Hr'g Tr. at 5, 6. Finally, Drake acknowledged his understanding of and agreement with "the stipulation of your

6

counsel that if called upon to do so the Commonwealth could prove each and every element of this amended offense beyond a reasonable doubt." *Id.* at 10.

Except in extraordinary circumstances, "the truth of sworn statements made during a [plea] colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any [habeas] motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005). Given Drake's statements at the plea hearing, his conflicting assertions of actual innocence carry no weight and do not allow him to pass through the "gateway" for consideration of his untimely claims.

### III. CONCLUSION

Drake's petition is untimely, and none of the exceptions to the statute of limitations apply in this case. Accordingly, I will grant the respondent's Motion to Dismiss.

I decline to issue a certificate of appealability because Drake has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural rulings to be debatable or wrong.

A separate Final Order will be entered this date.

Enter: April 1, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

7