CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
April 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY WAYNE DRAKE,        ) | |
|     Petitioner,        ) | Civil Action No. 7:22cv00381 |
|     ) | |
| v.        ) | MEMORANDUM OPINION |
|     ) | |
| SOUTHWEST VIRGINIA REGIONAL        ) | By: Robert S. Ballou |
| JAIL,        ) | United States District Judge |
|     Respondent.        ) | |

Timothy Wayne Drake, at the time a Virginia inmate, previously filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction for accommodation distribution of oxycodone. By opinion entered April 2, 2024, this court denied that petition as untimely. On February 24, 2025, Drake mailed a letter requesting permission "to refile motion to vacate" or refile on different grounds. ECF No. 30. The court received this motion on February 27, 2025.

Two rules govern motions to set aside or vacate a judgment: FED. R. CIV. P. Rules 59(e) and 60(b). Such a motion under Rule 59(e) must be filed within 28 days from entry of the judgment. A district court has no authority to extend this deadline. FED. R. CIV. P. 6(b)(2); *Banister v. Davis*, 590 U.S. 504, 507–08 (2020). By February 2025, when Drake filed his motion, that 28-day window had expired.

Rule 60(b) provides a limited number of grounds for granting relief, such as (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered within 28 days of the judgment; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) other extraordinary circumstances that justify relief. FED. R. CIV. P. 60(b);

*Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005). It is not clear which of these grounds Drake seeks to rely on. However, Rule 60(b) applies in habeas cases only to the extent that it is not inconsistent with the federal habeas statutes or the Rules Governing Section 2254 Cases. FED. R. CIV. P. 81(a)(4); *Gonzalez*, 545 U.S. at 529.

The federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), strictly limit a petitioner's ability to file a second or subsequent habeas petition. Specifically, a petitioner may not file a second petition raising the same claims previously raised; such a petition must be dismissed. 28 U.S.C. § 2244(b)(1). A claim that has not previously been raised must be dismissed unless (1) it relies on a new rule of constitutional law, made retroactive to cases on habeas review, that was not previously available, or (2) it relies on new factual information that could not previously have been discovered through the exercise of due diligence, which when taken into consideration in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty but for a constitutional error. 28 U.S.C. § 2244(b)(2). Finally, to file a second or subsequent petition, a petitioner must first seek permission from the appropriate court of appeals, in this case, the Fourth Circuit Court of Appeals, to file the subsequent petition in district court. 28 U.S.C. § 2244(b)(3)(A). The appellate court reviews the petition to determine whether the claims appear to fall within the two types of claims that may be brought in a subsequent petition. *Gonzalez*, 545 U.S. at 530. Without pre-approval from the court of appeals, the district lacks jurisdiction to consider a second or subsequent habeas petition. *Richardson v. Thomas*, 930 F.3d 587, 594–95 (4th Cir. 2019).

Section 2244 severely limits what a habeas petitioner can raise in a Rule 60(b) motion. If the Rule 60(b) motion to re-open the judgment seeks to present a claim of constitutional error in

the state court judgment, whether a new claim or a previously denied habeas claim, including by introducing new evidence or by arguing new law, then the motion is in substance a new habeas petition. *Richardson*, 930 F.3d at 595–96. Allowing the new claims to go forward would be inconsistent with the habeas statutes. When a Rule 60(b) motion asserts such claims, the district court must treat the motion as a second or subsequent habeas petition, either dismissing it outright for lack of jurisdiction (for raising the same issues previously raised) or dismissing it without prejudice to allow the petitioner to pursue pre-approval by the Circuit Court as required by § 2244(b)(3)(A). *Richardson*, 930 F.3d at 596.

Drake's current motion seeks to raise the following constitutional arguments regarding his state conviction: (1) unlawful search and seizure; (2) false statements by Detective Hankins and omissions from his police report violated Drake's Fourth Amendment rights; (3) prosecutorial misconduct in failing to correct the false information and omissions; and (4) ineffective assistance of counsel for failure to conduct a thorough investigation, interview witnesses, or challenge the false statements and missing information. Mot. at p. 2. These claims are constitutional claims seeking substantive habeas relief. This court has no jurisdiction to consider them just because they are couched in terms of a motion to vacate. It is unclear whether all issues are "new" issues; the original petition claimed ineffective assistance of counsel, fraud on the court, prosecutorial misconduct, and illegal search and seizure, but the factual predicates of those claims were not well-developed. The court never addressed those issues on the merits because Drake's petition was time-barred. If Drake believes he has new claims that can satisfy the criteria of § 2244(b)(2), he must seek approval from the Fourth Circuit before he can file a second petition in this court.

For the reasons stated, I will dismiss Drake's motion without prejudice as an improperly filed successive habeas petition. No Certificate of Appealability is required for the dismissal of this motion on jurisdictional grounds. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

An appropriate order will be entered this date.

Enter: April 18, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge